**1922-CC00679**

Electronically Filed - City of St. Louis - March 29, 2019 - 04:51 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

CARL OLIPHANT, individually, and )
on behalf of all others similarly situated, )
                             )
     Plaintiff, )
                             )
v. )     Case No.:
                             )     Division
MIDLAND FUNDING, LLC, )
                             )
Serve registered agent at: )     **JURY TRIAL DEMANDED**
CSC – Lawyers Incorporating Service Co. )
221 Bolivar Street )
Jefferson City, Missouri 65101 )
                             )
     Defendant. )

## CLASS ACTION PETITION

COMES NOW Plaintiff Carl Oliphant, ("Oliphant") individually, and on behalf of all others similarly situated, and for his Class Action Petition against Defendant Midland Funding, LLC ("Midland"), states:

### Introduction, Parties, Jurisdiction and Venue

1.     This action derives entirely from Midland's misuse of court process to obtain default judgments against Oliphant and over 100 putative class members. Midland improperly obtained default judgments against Oliphant and the putative class members without first obtaining personal jurisdiction over them. The judgments are void. In many cases, like Oliphant's, Midland issued garnishments on these void judgments.

2.     Plaintiff Carl Oliphant ("Oliphant") is an individual who resides in The City of St. Louis, Missouri.

Electronically Filed - City of St. Louis - March 29, 2019 - 04:51 PM

3.    Defendant Midland Funding, LLC ("Midland"), is a Delaware corporation who is registered as a foreign limited liability company in the State of Missouri who at all times material to this petition has been in good standing to transact business in Missouri.

4.    Midland describes itself as "one of the nation's largest purchasers of unpaid debt." Midland states that it "purchases charged-off debt from some of the nation's largest lenders. Accounts are considered charged-off when 180 or more days have passed without payment."

5.    Midland regularly uses court process in an attempt to collect debts. On information and belied, Midland has filed over 10,000 debt collection lawsuits in Missouri courts since 2014.

6.    Venue is proper in this Court because Oliphant resides in The City of St. Louis, Missouri and because much of the misconduct alleged in this Petition occurred in The City of St. Louis, Missouri.

7.    Jurisdiction is proper in this Court because much of the misconduct at issue occurred in The City of St. Louis, Missouri.

## The Oliphant Lawsuit

8.    Midland filed a lawsuit against Oliphant on June 24, 2014, in the Associate Circuit Court of The City of St. Louis, Missouri. The case is styled *Midland Funding LLC. v. Carl Oliphant*, Case Number 1422-AC08567 ("the Oliphant Action").

9.    Midland alleged in the Oliphant Action that Oliphant owed a credit card debt to Webbank-Fingerhut Credit and that Midland was assigned all rights, title and interest in the debt.

10.    In the Oliphant Action, Midland filed a request to appoint special process servers to serve Oliphant in the Action.

11.    Midland requested that the Court sign and approve its request to appoint the process servers. A true and accurate copy of Midland's request is attached as Exhibit 1.

2

Electronically Filed - City of St. Louis - March 29, 2019 - 04:51 PM

12.     The Court or Court Clerk never signed Midland's request nor did the Court enter an order appointing the process servers requested by Midland to serve process.

13.     On August 11, 2014, Midland requested that a default judgment be entered against Oliphant in the Action.

14.     On August 11, 2014, the Court entered a default judgment against Oliphant in the Action for $782.19 plus court costs. A true and accurate copy of the default judgment is attached as Exhibit 2.

15.     Midland did not file a return of service with the Court showing that Oliphant was served in the case.

16.     Even if Midland had filed such a return, neither the Court nor the Court Clerk entered an order approving the appointment of the special process servers requested by Midland to serve process. In other words, no process server was appointed by the Court or the Court Clerk to serve a summons and petition in the Oliphant Action as required by law.

17.     On April 6, 2018, Midland undertook actions in an attempt to collect on the judgment it obtained against Oliphant by filing a garnishment application with the Court in the Oliphant Action.

18.     The Clerk issued the garnishment and Midland attempted to have the garnishment served. A true and accurate copy of the garnishment application is attached as Exhibit 3.

19.     Oliphant has reviewed the garnishment application.

20.     The August 11, 2014, judgment is void as a matter of law because Oliphant was not served by a special process server that was appointed by the Clerk or the Court to serve process.

Electronically Filed - City of St. Louis - March 29, 2019 - 04:51 PM

**Count I – Class and Individual Violations of the Fair Debt Collection Practices Act,**
**15 U.S.C. §1692 *et seq*.**

21.     Oliphant incorporates the allegations of the previous paragraphs as if fully stated in this Count.

22.     Oliphant is a "consumer" as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), because he is a natural person and is alleged by Midland to owe a debt.

23.     The lawsuit filed against Oliphant concerns a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5), because Midland alleged Oliphant owed a sum of money arising out of a transaction that was primarily for personal, family or household purposes.

24.     Midland is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6) because it uses interstate commerce or the mails for a business the principal purpose of which is the collection of debts.

25.     Oliphant seeks recovery individually, and on behalf of a class of similarly situated persons as defined below for all violations of the FDCPA set forth in this Count.

26.     Oliphant seeks to represent a class of persons defined as follows:

All persons who were defendants in collection actions brought in Missouri state courts by Midland Funding, LLC ("Midland"), and: 1) in such actions a default judgment was taken prior to March 29, 2019 and, 2) the process server requested by Midland to serve process was not appointed by the Clerk or the Court to serve process or the process server who signed a return of service was not appointed by the Clerk or the Court to serve process. The class is further limited to the following persons:

(1) Those persons from whim Midland collected or attempted to collect the purported debt that was the subject of the default judgment from March 29, 2018, until the date of class certification.

Excluded from the class are persons who, prior to entry of a default judgment, were served by a sheriff, served by a person appointed by the Court or Court Clerk to serve process, appeared personally in court, or had counsel appear on their behalf.

4

Electronically Filed - City of St. Louis - March 29, 2019 - 04:51 PM

27.     Midland's actions violate the FDCPA, 15 U.S.C. §1692e, because it used a false, deceptive, or misleading representation or means to collect or attempt to collect from Oliphant and the putative class members through the use of void judgments.

28.     Midland's actions violate the FDCPA, 15 U.S.C. §1692e(10), because it used a false misrepresentation and/or a deceptive practice to collect or attempting to collect debts by representing that valid judgments had been entered against Oliphant and the putative class members.

29.     Midland's actions violate the FDCPA, 15 U.S.C. §1692f, because it used an unfair or unconscionable means to collect a debt by using void judgments as a basis to collect or attempt to collect from Oliphant and the putative class members.

30.     The judgments entered against Oliphant and the putative class members are void as a matter of law and should be declared void by this Court.

31.     Upon information and belief, there are at least 100 putative class members, and joinder of all class members is impracticable.

32.     Oliphant's claims are typical of the putative class members' claims.

33.     Common questions of law and fact apply to the class. These questions may include, but are not limited to:

a)      Whether Midland is a "debt collector" as defined by the FDCPA;

b)      Whether Midland's conduct as described in this Petition is governed by the FDCPA;

c)      Whether Midland improperly requested and received entry of default judgment in Missouri courts;

5

Electronically Filed - City of St. Louis - March 29, 2019 - 04:51 PM

    d)       Whether Midland used individuals to serve process in collection suits who were not appointed to serve process;

    e)       Whether Midland used false, deceptive, or misleading or misleading means to collect or attempt to collect debts from the putative class members; and,

    f)       Whether Midland used unfair or unconscionable means to collect or attempt to collect debts from the putative class members.

34.      Oliphant will fairly and adequately represent the putative class members.

35.      Oliphant has retained counsel experienced in the prosecution of class actions, and Oliphant is committed to vigorously prosecuting the claims.

36.      Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

37.      A class action is superior to other methods for the fair and efficient adjudication of this controversy.

38.      Due to Midland's illegal conduct as described above, Harris and the putative class members are entitled to actual damages under the FDCPA, 15 U.S.C. §1692k(a)(1).

39.      Oliphant requests that the Court enter an order on behalf of himself and the putative class members declaring the judgments void as a matter of law, and ordering Midland to set said judgments aside.

40.      This Court is the proper Court to adjudicate this matter. The *Rooker-Feldman* doctrine prohibits a federal court from adjudicating this dispute because the relief Oliphant seeks includes a court order declaring the aforementioned judgments void as a matter of law and directing Midland to set the judgments aside.

Electronically Filed - City of St. Louis - March 29, 2019 - 04:51 PM

41.     Due to Midland's illegal conduct as described above, Oliphant is entitled to statutory damages of $1,000.00 under the FDCPA, 15 U.S.C. §1692k(a)(2)(B)(i).

42.     Due to Midland's illegal conduct as described above, the putative class members are entitled to statutory damages under the FDCPA, 15 U.S.C. §1692k(a)(2)(B)(ii).

43.     Due to Midland's illegal conduct as described above, Harris and the putative class members are entitled to costs and attorneys' fees under the FDCPA, 15 U.S.C. §1692k(a)(3).

WHEREFORE Plaintiff Carl Oliphant, individually, and on behalf of all others similarly situated, request that the Court enter an award against Midland Funding, LLC, in excess of $25,000.00 and grant the following relief:

a)     enter an order pursuant to Missouri Supreme Court Rule 52.08(b)(3) and/or Rule 52.08(b)(2) certifying this action as a class action, and appointing Carl Oliphant as class representative;

b)     enter an order appointing Butsch Roberts & Associates LLC as class counsel;

c)     enter judgment in favor of Carl Oliphant and the class for all damages available under the Fair Debt Collection Practices Act, including actual damages, statutory damages, attorneys' fees and costs incurred in bringing this action;

d)     enter an order or judgment declaring that the judgments entered against Carl Oliphant and the class members are void as a matter of law;

e)     award Carl Oliphant and the class all expenses incurred in the litigation and require Midland to pay the costs and expenses of class notice and administration; and,

f)     award Carl Oliphant and the class all taxable court costs and any other relief that this Court deems just and proper.

7

Electronically Filed - City of St. Louis - March 29, 2019 - 04:51 PM

### Count II – Unjust Enrichment

44.    Oliphant incorporates the allegations of the previous paragraphs as if fully stated in

this Count.

45.    Oliphant seeks to represent a class of persons defined as follows:

All persons who were defendants in collection actions brought in Missouri state
courts by Midland Funding, LLC ("Midland"), and: 1) in such actions a default
judgment was taken from March 24, 2014 until the present, and, 2) the process
server requested by Midland to serve process was not appointed by the Clerk or the
Court to serve process or the process server who signed a return of service was not
appointed by the Clerk or the Court to serve process.

Excluded from the class are persons who, prior to entry of a default judgment, were
served by a sheriff, served by a person appointed by the Court or Court Clerk to
serve process, appeared personally in court, or had counsel appear on their behalf.

46.    Midland was enriched by the receipt of default judgments and/or monies collected

after said judgments were entered against Oliphant and the putative class members.

47.    Midland's enrichment in the form of the default judgments and/or monies received

after said judgments were entered was at the expense of Oliphant and the putative class members.

48.    It would be unjust to allow Midland to retain the benefit of the default judgments

and/or monies collected after said judgments were entered from Oliphant and the putative class

members because it received these benefits under the guise that Missouri courts had personal

jurisdiction over Oliphant and the putative class members when personal jurisdiction did not exist.

49.    Oliphant and the putative class members were damaged as a proximate result of

Midland obtaining/retaining said judgments and/or receiving monies collected after said

judgments were entered.

50.    Midland has acted on grounds generally applicable to the class by taking default

judgments based on returns of service signed by special process servers who were not appointed

8

Electronically Filed - City of St. Louis - March 29, 2019 - 04:51 PM

by the Clerk or the Court to serve process. This makes injunctive or declaratory relief appropriate for Oliphant and the putative class members.

51.     On information and belief, there are at least 100 putative class members and joinder of all class members is impracticable.

52.     Oliphant's claims are typical of the claims of the putative class members.

53.     Common questions of law and fact apply to the class. These questions may include, but are not limited to:

a)      Whether Midland used individuals to serve process in collection suits who were not appointed by the Court of Court Clerk to serve process;

b)      Whether the default judgments obtained by Midland are void as a matter of law; and,

c)      Whether it would be unjust to allow Midland to retain the benefit of the default judgments and/or subsequent monies collected after the judgments were entered.

54.     Oliphant will fairly and adequately represent the putative class members.

55.     Oliphant has retained counsel experienced in the prosecution of class actions, and Oliphant is committed to vigorously prosecuting the claims.

56.     Questions of law and fact common to the putative class members predominate over any questions of fact or law affecting any individual member of the putative class.

57.     A class action is superior to other methods for the fair and efficient adjudication of this controversy.

58.     Oliphant requests damages on behalf of himself and the putative class members in the amount Midland was unjustly enriched by it improperly obtaining default judgments against Oliphant and the putative class members.

9

Electronically Filed - City of St. Louis - March 29, 2019 - 04:51 PM

59.    Oliphant requests that the Court enter an order on behalf of himself and the putative class members declaring the judgments void as a matter of law and ordering Midland to set said judgments aside.

WHEREFORE Plaintiff Carl Oliphant, individually, and on behalf of all others similarly situated, requests that the Court enter an award against Midland Funding, LLC in excess of $25,000.00 and grant the following relief:

a)    enter an order pursuant to Missouri Supreme Court Rule 52.08(b)(3) and/or Rule 52.08(b)(2) certifying this action as a class action, and appointing Carl Oliphant as class representative;

b)    enter an order appointing Butsch Roberts & Associates LLC as class counsel;

c)    enter judgment in favor of Carl Oliphant and the class for all available damages and pre-judgment interest, post-judgment interest and costs incurred in bringing this action;

d)    enter an order or judgment declaring that the judgments entered against Carl Oliphant and the class members are void as a matter of law and ordering Midland to set aside all such judgments;

e)    award Carl Oliphant and the class all expenses incurred in the litigation and require Midland to pay the costs and expenses of class notice and administration; and,

f)    award Carl Oliphant and the class all taxable court costs and any other relief that this Court deems just and proper.

Electronically Filed - City of St. Louis - March 29, 2019 - 04:51 PM

BUTSCH ROBERTS & ASSOCIATES LLC

By: /s/ Christopher E. Roberts
    David T. Butsch #37539
    Christopher E. Roberts #61895
    231 South Bemiston Ave., Suite 260
    Clayton, MO 63105
    (314) 863-5700 (telephone)
    (314) 863-5711 (fax)
    butsch@butschroberts.com
    roberts@butschroberts.com

    Attorneys for Plaintiff Carl Oliphant

11