UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARL OLIPHANT and MOHAMMED )
JABER, individually and on behalf of all )
others similarly situated, )
)
    Plaintiffs, )
)
v. ) No. 4:19 CV 1204 RWS
)
MIDLAND FUNDING LLC, )
)
    Defendant. )

# **MEMORANDUM AND ORDER**

Plaintiffs Carl Oliphant and Mohammed Jaber are consumers against whom Defendant Midland Funding, LLC (Midland) obtained default judgments in state court actions. Oliphant alleges that Midland's use of the default judgment to obtain an order of garnishment against him violates the Fair Debt Collection Practices Act (FDCPA). Jaber alleges that Midland's conduct violated the Missouri Merchandising Practices Act. Oliphant and Jaber jointly allege that Midland is liable to them for unjust enrichment.

Oliphant originally filed this case in the Circuit Court of the City of St. Louis, Missouri on March 29, 2019. Oliphant and Jaber filed an amended complaint, adding Jaber's claims, on May 6, 2019, while the case was still before the circuit court. On May 8, 2019, Midland removed this case to the United States

District Court for the Eastern District of Missouri under 28 U.S.C. § 1331, because the complaint alleges Midland violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

This case is presently before me on Plaintiffs' motion to remand the case to state court and Defendant's motion to dismiss.  For the reasons below, I will dismiss Oliphant's FDCPA count and remand the remaining counts in the complaint to the Circuit Court of the City of St. Louis, Missouri.

## I.     Background[1]

Midland filed a lawsuit against Oliphant in state court on June 24, 2014, alleging that Oliphant owed a credit card debt to which Midland obtained all rights, title, and interest.  In that lawsuit, Midland filed a request to appoint special process servers to serve Oliphant in that court action.  The court or court clerk never signed the request approving Midland's request for the process server appointment.  Midland also did not file a return of service, but it requested that the court enter default judgment against Oliphant on August 11, 2014.  The court entered default judgment against Oliphant for $782.19 plus court costs.  On April 6, 2018, Midland filed a garnishment application with the court to collect on the default judgment, which the clerk later issued.

---

[1] The information in this section comes from the factual allegations in Plaintiffs' complaint, which, for the purpose of a motion to dismiss, I must accept as true.  See Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).  I address only Oliphant's allegations because this order considers the merits only of his claim.

2

Oliphant does not allege that he directly challenged or moved to set aside the default judgment or the garnishment action before filing this suit.

## II. Legal Standard

### a. Motion to Dismiss

In ruling on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), I must accept as true all factual allegations in the complaint and view them in the light most favorable to the plaintiff. Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. While a court must accept factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Carton v. Gen. Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (internal citations omitted).

### b. Motion to Remand

A plaintiff may move to remand "any time before final judgment if it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447. "[T]he case must be remanded if it appears that the district court lacks subject matter jurisdiction." Bumpus v. United Conveyor Corp., No. 1:09-CV-171, 2010 WL 431794, at *1 (E.D. Mo. Feb. 2, 2010). The defendant bears the burden of proof in establishing that the federal court has subject matter jurisdiction. Id. "All doubts about federal jurisdiction should be resolved in favor of remand to state court." Id. (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)).

### III. Analysis

In this lawsuit, Plaintiffs seek monetary damages, injunctive relief, and invalidation of the default judgments Midland obtained against them. In the motion to remand, they argue that the Court does not have jurisdiction over this case under the Rooker-Feldman doctrine, because they argue that I cannot rule on their claims without also ruling on the propriety of the state court default judgments in Midland's original collection actions. Midland moves to dismiss on the grounds that it followed the proper rules of service in the state court debt collection action and that its efforts to enforce outstanding judgments, entered by a state court, did not violate the FDCPA.

### a. Rooker-Feldman Doctrine

Plaintiffs contend that this Court does not have jurisdiction to hear this case under the Rooker-Feldman doctrine. "The *Rooker–Feldman* doctrine precludes lower federal courts from exercising jurisdiction over actions seeking review of, or relief from, state court judgments." Hageman v. Barton, 817 F.3d 611, 614 (8th Cir. 2016)). Rooker-Feldman can sometimes require federal district courts to abstain in cases arising under 28 U.S.C. § 1331. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005) ("[Rooker-Feldman] precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, *e.g.*, . . . § 1331"). However, "the doctrine is limited in scope and does not bar jurisdiction over actions alleging independent claims arising from conduct in underlying state proceedings." Hageman, 817 F.3d at 614.

In this order, I will only rule on the FDCPA claims in Count I of the complaint before declining to exercise jurisdiction over the state law claims. Rooker-Feldman does not require me to abstain from ruling on the complaint's FDCPA claims, because my review of the FDCPA claims does not require "review and rejection" or reversal of a state court decision. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Oliphant's FDCPA claims are ultimately a challenge to Midland's conduct in the garnishment action against

Oliphant. As I explain further below, the conduct Oliphant alleges does not constitute an FDCPA violation regardless of the validity of the state court default judgment. I will not remand this case on Rooker-Feldman grounds.

**b. Failure to State a Claim**

Midland first argues that I should dismiss this case because Midland's service of process in the state court cases against Oliphant and Jaber comported with state law. I will not reach that question, because I find that even if Midland did not follow the correct procedure to initially serve Oliphant, and regardless of whether the state court had jurisdiction to enter the default judgment, Midland did not violate the FDCPA based on the facts alleged in Oliphant's complaint.

"The purpose of the FDCPA is to eliminate abusive debt collection practices by debt collectors." Dunham v. Portfolio Recovery Assocs., LLC, 663 F.3d 997, 1000 (8th Cir. 2011) (citations omitted); see also 15 U.S.C. 1692(e). Among other practices, the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and "the use of any false representation or deceptive means to obtain information concerning a consumer." 15 U.S.C. § 1692e; 15 U.S.C. § 1692e(10). These abusive practices often include actions debt collectors undertake to collect debts in court. Hageman v. Barton, 817 F.3d 611, 615 (8th Cir. 2016) ("FDCPA

claims often involve allegations of misconduct in underlying and completed state-court litigation.").

Oliphant's allegations do not state abusive debt collection practices in violation of 15 U.S.C. §§ 1692e, 1692e(10), or 1692f. Though Oliphant states numerous factual allegations about the process by which Midland obtained a default judgment against him, the FDCPA violations Oliphant allege all pertain to Midland's attempt to collect Oliphant's debt *after* obtaining the default judgment. Specifically, Oliphant alleges that Midland (a) used a void default judgment to obtain an order of garnishment and (b) represented that a valid judgment had been entered against Oliphant. See Amended Compl. ¶¶ 36-38 (alleging violations of 15 U.S.C. §§ 1692e, 1692e(10), 1692f).

Oliphant does not support his conclusory claim that Midland represented a valid judgment was entered against Oliphant when it applied for the garnishment order. Midland's application for garnishment against Oliphant is attached to the Amended Complaint as Exhibit 3, and I may consider it as "part of the pleading." Fed. R. Civ. P. 10(c). In the garnishment application, Midland's counsel signs below a statement representing only that "a judgment was entered on the above referenced date and remains unsatisfied" and "the garnishor knows or has reason to believe the garnishee is indebted to debtor." [ECF No. 7-1, p. 19] Midland does not represent in the application that the default judgment was "valid." By filing the

garnishment application, Midland represented only that a default judgement was in fact entered against Oliphant, that it remained unsatisfied, and that Midland knew or had reason to believe Oliphant was indebted to Midland.

Even if the default judgement was void for lack of personal jurisdiction, Oliphant does not allege any actual representations that Midland made to obtain the garnishment order that were false, deceptive, or misrepresentative. Absent factual support for an allegation that Midland engaged in false, misleading, or deceptive conduct, Oliphant is left only with conclusory statements and a threadbare recital of the elements of an FDCPA violation.

The cases Oliphant cites in support of his argument that Midland's conduct violated the FDCPA are not on point. Those cases show that a debt collector violates the FDCPA violations when, for example, a) a debt collector obtains an order of garnishment *without* first obtaining any judgment[2] or b) a debt collector continues to garnish a debtor's wages despite having learned the underlying judgment against the debtor was vacated.[3]

---

[2] Campion v. Credit Bureau Servs., Inc., No. CS-99-0199-EFS, 2000 WL 33255504, at *13 (E.D. Wash. Sept. 20, 2000); see also Vanhuss v. Kohn Law Firm S.C., 127 F. Supp. 3d 980, 992 (W.D. Wis. 2015) (finding that a debt collector may violate the FDCPA when it instates a garnishment action that seeks to attach not only the funds of a debtor, but also a debtor's business).
[3] Micks v. Gurstel Law Firm, P.C., 365 F. Supp. 3d 961, 974 (D. Minn. 2019)

The difference between the facts in Oliphant's cited cases and the facts of his own case is significant. In the Eighth Circuit, "the [FDCPA] does not forbid a party from stating its good faith legal position to a court in a prayer for relief." Haney v. Portfolio Recovery Assocs., L.L.C., 895 F.3d 974, 989 (8th Cir. 2016). When Midland applied for the garnishment order against Oliphant, Midland had a judgment against Oliphant, entered by a state court, that Oliphant does not allege he challenged before filing this suit. "Put differently, while defendants' attempt at legal service [may have] failed, this failure alone does not state a claim for a cause of action under the FDCPA." Pierce v. Steven T. Rosso, P.A., No. CIV. 01-1244 DSDJMM, 2001 WL 34624006, at *2 (D. Minn. Dec. 21, 2001).

Oliphant's claim that Midland used unfair or unconscionable means under §1692f does not survive the motion to dismiss for the same reasons his §1692e and §1692e(10) claims fail. Based on the allegations in Oliphant's complaint, Oliphant has not stated a claim that Midland violated the FDCPA through its garnishment action to collect a debt against him in state court. As a result, I will dismiss Count I of the Plaintiffs' complaint.

**c. Remanding the State Law Claims**

Midland asserted only federal question jurisdiction in its notice of removal. Because I am dismissing the sole federal count in Plaintiffs' complaint, "there are no federal claims in this case and jurisdiction under 28 U.S.C. § 1331 abates."

Dodson v. Univ. of Ark. for Med. Scis., 601 F.3d 750, 756 (8th Cir. 2010). As the Supreme Court has recognized, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988)).

I have considered the balance of factors and find that judicial economy, fairness, and especially comity considerations all weigh in favor of declining to exercise supplemental jurisdiction over the remaining state law claims. I will remand this action to state court for further proceedings.

## IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss [14] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Plaintiff Carl Oliphant's Fair Debt Collection Practices Act claims in Count I of the Complaint are **DISMISSED** without prejudice.

I will issue a separate order remanding the remaining counts from the complaint for the reasons stated in this order.

*signature*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2020.